KEITH YAMANAKA, State Bar. No. 78971
General Counsel
AMY BISSON HOLLOWAY, State Bar No. 163731
Assistant General Counsel
SARAH KALAS BANCROFT State Bar No. 248403
Deputy General Counsel
California Department of Education
1430 N Street, Suite 5319
Sacramento, California 95814
Telephone: 916-319-0860
Facsimile: 916-322-2549
sbancroft@cde.ca.gov
Attorneys for California Department of Education

(Defendant is a Public Entity and Exempt from Filing Fees Pursuant to Cal. Gov't Code § 6103)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.C., <br><br> Plaintiff, <br><br> v. <br><br> LOS ANGELES UNIFIED SCHOOL DISTRICT, et al., <br><br> Defendants. | Case No. 2:20-cv-09127-CBM-E <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CALIFORNIA DEPARTMENT OF EDUCATION'S MOTION TO DISMISS SECOND AMENDED COMPLAINT <br><br> Hearing Date: May 11, 2021 <br> Time: 10:00 a.m. <br> Courtroom: 8B (8th Floor) <br> Judge: Honorable Consuelo B. Marshall |

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

I.    INTRODUCTION ............................................................................................................... 1

II.    BACKGROUND .................................................................................................................. 1

   A.    Summary of Facts Alleged in the Second Amended Complaint ................................. 1

   B.    Statutory Framework of the IDEA ............................................................................... 2

III.    APPLICABLE LEGAL STANDARD ................................................................................. 5

IV.    ARGUMENT ........................................................................................................................ 5

   A.    The Second Cause of Action Fails to State a Claim Under the IDEA Against the CDE ........... 5

      1.    Plaintiff has failed to exhaust the administrative remedy in that he has failed to obtain the predicate ruling necessary to bring a claim against the CDE relating to ESY placement. ....... 5

      2.    Plaintiff's IDEA claim fails as a matter of law because he has no express private right of action against the CDE relating to its general oversight responsibility for special education. 7

      3.    Plaintiff fails to plausibly allege that the CDE denied him a FAPE. ....................................... 7

   B.    The Fourth and Sixth Causes of Action fail to state a claim under the ADA and Section 504 against the CDE ................................................................................................................... 9

      1.    Failure to exhaust the administrative remedy ........................................................................ 9

      2.    Failure to plausibly allege the elements of a 504 or ADA claim against the CDE ............... 10

V.    CONCLUSION ................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Albino v. Baca*,
  747 F.3d 1162 (9th Cir. 2014) (en banc) ...................................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2005) ...................................................................................................5

*Balistreri v. Pac. Police Dep't*,
  901 F.2d 696 (9th Cir. 1990) .....................................................................................5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................................5

*Bonner v. Lewis*,
  857 F.2d 559 (9th Cir.1988) ....................................................................................10

*Brach v. Newsom*,
  2020 WL 7222103 (C.D. Cal.) ..................................................................................6

*In re Broderbund Learning Co. Sec. Litig.*,
  294 F.3d 1201 (9th Cir. 2002) ...................................................................................5

*Cahill v. Liberty Mutual Ins. Co.*,
  80 F.3d 336 (9th Cir. 1996) .......................................................................................5

*Capistrano Unified Sch. Dist. v. Wartenberg*,
  59 F.3d 884 (9th Cir. 1995) .......................................................................................5

*Clegg v. Cult Awareness Network*,
  18 F.3d 752 (9th Cir. 1994) .......................................................................................5

*Desaigouder v. Meyercord*,
  223 F.3d 1020 (9th Cir. 2000) ...................................................................................5

*Does 1–5 v. Chandler*,
  83 F.3d 1150 (9th Cir.1996) ....................................................................................11

*Everett H. v. Dry Creek Jt. Elem. Sch. Dist.*,
  5 F. Supp. 3d 1167 (E.D. Cal. 2014) .........................................................................3

*Fry v. Napoleon Community Schools*,
  137 S. Ct. 743 (2017) ............................................................................................6, 9

*Honig v. Doe*,
  484 U.S. 305 (1988) ...................................................................................................3

*L.M. v. Capistrano Unified Sch. Dist.*,
    556 F.3d 900 (9th Cir. 2009) ..............................................................................................4

*Lovell v. Chandler*,
    303 F.3d 1039 (9th Cir. 2002) ...........................................................................................10

*M.M. v. Lafayette Sch. Dist.*,
    767 F.3d 842 (9th Cir. 2014.) .............................................................................................7

*Mark H. v. Lemahieu*,
    513 F.3d 922 (9th Cir. 2008) .............................................................................................10

*Martinez v. Newsom*,
    2020 WL 7786543 (C.D. Cal.) ...........................................................................................6

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ..............................................................................................5

*Paul G. v. Monterey Peninsula Unified Sch. Dist.*,
    256 F. Supp. 3d 1064 (N.D. Cal. 2017) ..............................................................................6

*Paul G. v. Monterey Peninsula Unified Sch. Dist.*,
    933 F.3d 1096 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 2672 (2020) ...........................6, 10

*Seattle Sch. Dist. No. 1 v. B.S.*,
    82 F.3d 1493 (9th Cir. 1993) ..............................................................................................4

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ..............................................................................................5

*Van Buskirk v. Cable News Network, Inc.*,
    284 F.3d 977 (9th Cir. 2002) ..............................................................................................5

*Van Duyn v. Baker Sch. Dist. 5J*,
    502 F.3d 811 (9th Cir. 2007) ..............................................................................................4

*Vinson v. Thomas*,
    288 F.3d 1145 (9th Cir. 2002) ..........................................................................................11

*Weinreich v. Los Angeles County Metropolitan Transp. Authority*,
    114 F.3d 976 (9th Cir. 1997) ............................................................................................10

**Federal Regulations**

34 C.F.R.
 § 300.1, et seq. ...........................................................................................................................2
 § 300.33............................................................................................................................................4
 § 300.106(a) .....................................................................................................................................8
 § 300.106(a)(2) ................................................................................................................................8
 § 300.106(a)(2)(iii) ..........................................................................................................................8
 § 300.106(b)(2) ................................................................................................................................8
 § 300.507(a) .....................................................................................................................................4
 § 300.516..........................................................................................................................................4

**California Regulations**

Cal. Code Regs. tit. 5
 § 3000, et seq. .................................................................................................................................3
 § 3043(a) ..........................................................................................................................................8
 § 3043(d) ..........................................................................................................................................8

**Federal Rules**

Fed. R. Civ. P. 12(b)(6)....................................................................................................................1, 5, 6

**Federal Statutes**

20 U.S.C.
§ 1400(d)................................................................................................................2
§ 1401(9).................................................................................................................3
§ 1401(19)...............................................................................................................3
§ 1401(29)...............................................................................................................3
§ 1401(32)...............................................................................................................3
§ 1412(a).................................................................................................................7
§ 1412(a)(1).............................................................................................................3
§ 1412(a)(11)(A)..................................................................................................3, 7
§ 1412(b)..............................................................................................................3, 7
§ 1413(a).................................................................................................................3
§ 1414(d).............................................................................................................3, 8
§ 1415(i)(1)(A).........................................................................................................4
§ 1415(i)(2)..........................................................................................................7, 9
§ 1415(i)(2)(A).........................................................................................................4
§ 1415(i)(2)(C).........................................................................................................4
§ 1415(i)(2)(C)(iii)...................................................................................................4
§ 1415(B) ................................................................................................................4
§ 1415(b)(6) ........................................................................................................7, 8
§ 1415(b)(6)(A).......................................................................................................4
§ 1415(e)(2) ............................................................................................................4
§ 1415(f)..................................................................................................................7
§ 1415(f)(1)(A) .......................................................................................................4
§ 1415(f)(3)(A) .......................................................................................................4
§ 1415(f)(3)(E).........................................................................................................4
§ 1415(l)...............................................................................................................6, 9

29 U.S.C.
§ 794.............................................................................................................1, 9, 10
§ 794(a),.................................................................................................................10
§ 794(b)(2)(b)........................................................................................................10

42 U.S.C. § 12132...........................................................................................1, 10, 11

**California Statutes**

Cal. Educ. Code
   § 48200..................................................................................................................3
   § 56000, et seq. ...................................................................................................3
   § 56026.3..............................................................................................................3
   § 56028.5..............................................................................................................4
   § 56300..................................................................................................................3
   § 56302..................................................................................................................3
   § 56340..................................................................................................................3
   § 56344(c) ............................................................................................................3
   § 56345(b)(3) ......................................................................................................8
   § 56501(a) ............................................................................................................4
   § 56501(a) ............................................................................................................4
   § 56501(a), et seq. ...............................................................................................4
   § 56502(d)(2) ......................................................................................................4
   § 56504.5(a) .........................................................................................................4
   § 56505(h) ............................................................................................................4
   § 56505(k) ............................................................................................................4

Cal. Gov't Code § 27727 ............................................................................................4

## I. INTRODUCTION

Plaintiff, a student with a disability enrolled in the Los Angeles Unified School District ("LAUSD"), asserts that LAUSD and the California Department of Education ("CDE") denied him a free, appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"); and, based thereon, discriminated against him based on disability under Title II of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"). Specifically, Plaintiff asserts that LAUSD failed to offer him Extended School Year ("ESY") services in the least restrictive environment ("LRE") for him under the IDEA; that is, in a general education setting. The IDEA claims against the CDE (the state education agency), have multiple defects, including (1) Plaintiff failed to obtain a predicate ruling at the Office of Administrative Hearings ("OAH") that LAUSD, the local agency responsible for serving Plaintiff, denied Plaintiff a FAPE, (2) Plaintiff does not have an express private right of action under the IDEA to sue the CDE for its general oversight responsibility over special education, and (3) Plaintiff fails to plausibly allege that any action of the CDE prevented LAUSD from offering or providing a FAPE or otherwise denied Plaintiff a FAPE. The disability discrimination claims against the CDE, which are derived from the IDEA claim, also suffer from multiple defects, in that (1) Plaintiff failed to obtain the necessary predicate ruling at OAH, (2) Plaintiff's equal access claim fails, because general education summer school was not available to non-disabled students and (3) Plaintiff fails to plausibly allege that any action of the CDE, which did not serve Plaintiff, discriminated against Plaintiff based on his disability. Because Plaintiff has failed to plausibly allege a cause of action against the CDE, the Second Amended Complaint, Docket #35 ("SAC") should be dismissed in its entirety as to the CDE, pursuant to Fed. R. Civ. P. 12(b)(6). Further, since the complaint has already been amended twice, and no further amendment can save it, the SAC should be dismissed with prejudice.

## II. BACKGROUND

### A. Summary of Facts Alleged in the Second Amended Complaint

The CDE makes no admissions herein as to the allegations in the SAC. Plaintiff is a fourth-grade student with Down Syndrome, type I diabetes, and specific antibody deficiency, eligible for special education on the basis of an Intellectual Disability. SAC, ¶¶ 52-53. Plaintiff was enrolled in

1 LAUSD during the 2018-2019 and 2019-2020 school years and his Individualized Educational Plan
2 ("IEP") team determined that he qualified for ESY in the summer of 2019. SAC, ¶¶ 59-60.  LAUSD
3 did not operate regular (general education) classes for elementary school children during the summer of
4 2019.  Exhibit A to SAC, Pg. 12.  During summer 2019, Los Angeles Unified had a Title 1 funded
5 program, called Extended Learning Opportunity Summer, to assist at-risk students enrolled in the
6 lowest performing schools in the school district; however, the administrative law judge ("ALJ") found
7 that the Extended Learning Opportunity Summer was not a regular class and therefore was not
8 considered a least restrictive environment option for Student.  *Id.*  Plaintiff required an alternate
9 curriculum to meet his IEP goals, which included goals for functional writing, functional reading, and
10 functional math.  Exhibit A to SAC, Pg. 10. Plaintiff's school work was substantially modified from the
11 core curriculum taught in regular classes during the regular school year.  As a result, Student worked on
12 material far below the grade level taught to his non-disabled peers.  Exhibit A to SAC, Pg. 8.  Based
13 upon Student's need for individually modified work, at the April 3, 2019 IEP meeting, LAUSD offered
14 for ESY the alternate curriculum Special Day Class ("SDC"), which permitted modification of school
15 work to a Student's learning level. Exhibit A to SAC, Pg. 10.  No member of the IEP team, including
16 the parent, determined that that the student required any more than 20 days of ESY during the summer
17 of 2019. Exhibit A to SAC, Pg. 22.

18       Plaintiff M.C. filed a due process hearing request with the OAH on August 16, 2019 against
19 LAUSD (OAH Case No. 2019080679). SAC, ¶ 50.  The Administrative Law Judge issued a decision
20 on July 6, 2020, following a four (4) day hearing, finding LAUSD did not deny Plaintiff a FAPE in the
21 LRE during the 2019 extended ESY.  Exhibit A to SAC, Pgs. 2 & 22.

22       Counts 1, 3 and 5 of the SAC do not involve the CDE.  There, Plaintiff appeals the OAH
23 ruling involving LAUSD under the IDEA, and brings derivative disability discrimination claims against
24 LAUSD.  Counts 2, 4 and 6 involve IDEA, ADA and 504 claims against the CDE.  Plaintiff seeks
25 declaratory and injunctive relief, compensatory education and damages, and attorney fees.

26     **B.  Statutory Framework of the IDEA**

27       The IDEA and its implementing regulations, 34 C.F.R. § 300.1, et seq., set forth procedural
28 and substantive standards for educating students with disabilities.  20 U.S.C. § 1400(d).  The IDEA

provides that a state must, in order to receive federal financial assistance, have policies and procedures in effect that assure all students with disabilities the right to a FAPE. 20 U.S.C. § 1412(a)(1). This FAPE requirement means that special education and related services must be provided at public expense, under public supervision and direction, and without charge to the parent or student. 20 U.S.C. §§ 1401(9), (29). Each student's special education instruction is based upon an IEP. 20 U.S.C. § 1414(d). The IEP, the "centerpiece" in providing a student with a FAPE, is a program adopted through the cooperation of educators and parents that "sets out the child's present educational performance, establishes annual and short-term objectives and describes the specially designed instruction and services that will enable the child to meet those objectives." *Honig v. Doe*, 484 U.S. 305, 311 (1988).

Pursuant to the IDEA, the CDE is a state educational agency ("SEA") with only general supervisory responsibility for the overall provision of special education services in California. 20 U.S.C. §§ 1412(a)(11)(A), 1401(32). Congress left it to the states to devise systems for the provision of special education services through LEAs. 20 U.S.C. § 1401(19). LEAs apply for funding from the SEA by submitting a plan that provides assurances of compliance with the IDEA. 20 U.S.C. § 1413(a). The IDEA does not require that a SEA directly provide services with respect to individual students. 20 U.S.C. § 1412(b).

California elected to participate in the IDEA, adopted a state plan, and enacted a series of statutes and regulations designed to comply with the federal requirements. Cal. Educ. Code § 56000, et seq.; Cal. Code Regs. tit. 5, § 3000, et seq. California law places primary responsibility for providing FAPE to eligible students on the LEA. *Everett H. v. Dry Creek Jt. Elem. Sch. Dist.*, 5 F. Supp. 3d 1167, 1172 (E.D. Cal. 2014). An LEA is a "school district, county office of education, a nonprofit charter school participating as a member of a special education local plan area [SELPA], or a special education local plan area." Cal. Educ. Code § 56026.3. An LEA is generally responsible for providing an education to students residing within its jurisdictional boundaries. Cal. Educ. Code § 48200. Moreover, the LEA is responsible for identifying students with disabilities, determining appropriate educational placements and related services through the IEP process, and providing needed special education and related services. Cal. Educ. Code §§ 56300, 56302, 56340, 56344(c).

Whenever there is a disagreement regarding a proposal, or refusal, to initiate or change the identification, evaluation, or educational placement of an individual child, or the provision of a FAPE, a parent may request an administrative "due process" hearing with the LEA. 20 U.S.C. §§ 1415(b)(6)(A), (f)(1)(A); 34 C.F.R. § 300.507(a); Cal. Educ. Code § 56501(a), et seq. Under the IDEA, the person conducting the due process hearing must be impartial and independent from the SEA. 20 U.S.C. § 1415(f)(1)(A), (f)(3)(A). In California, the CDE meets this obligation by contracting with the OAH for the services of Administrative Law Judges ("ALJs"). Cal. Educ. Code § 56504.5(a); Cal. Gov't Code § 27727.

The proper respondent at OAH is the LEA responsible for educating the student. Cal. Educ. Code §§ 56501(a), 56502(d)(2). Although the CDE has general oversight responsibility for special education, as a general rule, it is not a proper respondent because it is not the agency that is: "responsible for providing education to [the] children with disabilities" in the LEA, 34 C.F.R. § 300.33; "involved in any decisions regarding a pupil," Cal. Educ. Code § 56501(a); or "providing special education or related services" to a student. Cal. Educ. Code § 56028.5.

The ALJ at OAH determines if there has been a denial of FAPE. 20 U.S.C. § 1415(f)(3)(E). The ALJ may award appropriate relief. 20 U.S.C. §§ 1415(e)(2); 1415(i)(2)(C)(iii). The OAH's decision is a final administrative decision. 20 U.S.C. § 1415(i)(1)(A); Cal. Educ. Code § 56505(h). Either the parent or the public agency, if "aggrieved" by the final administrative decision at OAH, may seek de novo judicial review by filing within 90 days in a court of competent jurisdiction. 20 U.S.C. §§ 1415(i)(2)(A), (B); 34 C.F.R. § 300.516; Cal. Educ. Code § 56505(k). The district court receives the OAH record, hears additional evidence at the request of a party and grants appropriate relief. 20 U.S.C. § 1415(i)(2)(C). In court, the party challenging the OAH decision has the burden of proof. *L.M. v. Capistrano Unified Sch. Dist.*, 556 F.3d 900, 910 (9th Cir. 2009).

The standard of review of an OAH decision is a modified de novo standard, based primarily on a review of the administrative record. *Seattle Sch. Dist. No. 1 v. B.S.*, 82 F.3d 1493, 1499 (9th Cir. 1993). The Court must give due weight to the OAH decision. *Van Duyn v. Baker Sch. Dist. 5J*, 502 F.3d 811, 817 (9th Cir. 2007). The amount of deference given to the OAH decision increases when the

decision is thorough and careful. *Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 891 (9th Cir. 1995). A thorough and careful decision may receive substantial deference. *Id.*, 59 F.3d at 892.

### III. APPLICABLE LEGAL STANDARD

In order to survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion to dismiss "tests the legal sufficiency of the claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Court, in reviewing the complaint for legal sufficiency, "may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). A motion to dismiss may be granted if there is no cognizable legal theory to grant relief or sufficient facts to support a cognizable legal theory. *Balistreri v. Pac. Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All factual allegations set forth in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). The complaint must contain sufficient factual matter, accepted as true, to plausibly – not merely possibly – allow the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2005). The tenet that a court must accept as true all of the allegations in the complaint is inapplicable to legal conclusions. *Ashcroft,* 556 U.S. at 678. The Court need not accept allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994). A dismissal shall be without leave to amend when the complaint cannot be saved by further amendment. *In re Broderbund Learning Co. Sec. Litig.*, 294 F.3d 1201, 1203 (9th Cir. 2002), *Desaigouder v. Meyercord*, 223 F.3d 1020, 1021 (9th Cir. 2000).

### IV. ARGUMENT

**A. The Second Cause of Action Fails to State a Claim Under the IDEA Against the CDE**

1. Plaintiff has failed to exhaust the administrative remedy in that he has failed to obtain the predicate ruling necessary to bring a claim against the CDE relating to ESY placement.

It is foundational that the IDEA requires that before filing a federal civil action under a federal law protecting students with disabilities and that seeks relief available under the IDEA, a party must first exhaust the administrative remedy. 20 U.S.C. § 1415(l). If a party fails to exhaust, the complaint is subject to dismissal for failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6). *Albino v. Baca,* 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc).

In *Fry v. Napoleon Community Schools*, 137 S. Ct. 743 (2017), the Supreme Court stated that a court must look to the gravamen of a complaint to determine if it seeks relief for a denial of FAPE under the IDEA. *Id*. at 752. The Court stated that the exhaustion rule "hinges on whether a lawsuit seeks relief for the denial of a free appropriate public education." *Id.* at 754. Here, the SAC explicitly seeks relief for an alleged denial of FAPE.

The SAC does not allege that the Plaintiff obtained an administrative ruling that the student was denied a FAPE by the LEA. As a matter of law, Plaintiff cannot pursue any claims against or seek relief from the CDE, on the theory that the CDE somehow prevented an LEA from offering a FAPE, without such a predicate underlying ruling. The failure to provide ESY in the general education setting, even if true, does not alone constitute a denial of FAPE. In *Paul G. v. Monterey Peninsula Unified Sch. Dist*., 933 F.3d 1096, 1098-1099 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 2672 (2020), a Plaintiff student who attended an out-of-state residential placement pursuant to his IEP under the IDEA brought federal disability discrimination claims against the CDE premised on an alleged failure to ensure the availability of in-state residential placements under the IDEA. However, the Ninth Circuit held that Plaintiff could not bring such claims against the CDE without having shown at OAH that he was denied a FAPE by the out-of-state residential placement he received from the LEA.[1] See also *Martinez v. Newsom,* 2020 WL 7786543 at *6-7 (C.D. Cal.)*, Brach v. Newsom*, 2020 WL 7222103 at *10-11 (C.D. Cal.). Similarly here, OAH found that the LEA did not deny the student a FAPE when it provided ESY

---

[1] The District Court in *Paul G.* had dismissed Plaintiff's IDEA claim against the CDE on statute of limitations grounds, and therefore did not reach the issue of whether Plaintiff had a private right of action to sue the CDE under the IDEA. *Paul G. v. Monterey Peninsula Unified Sch. Dist*., 256 F. Supp. 3d 1064, 1073 (N.D. Cal. 2017). Therefore, the latter issue, which is addressed in Section A.2 infra, was not before the Ninth Circuit.

1  services in a special education setting. Nor did OAH find that the length of ESY offered to student (20

2  days) denied him a FAPE. SAC, Exhibit A.

3       In the instant case, the Plaintiff is appealing the ruling in the underlying OAH case between the

4  Plaintiff and the LEA in Cause of Action 1, against the LEA. Unless or until the District Court reverses

5  OAH's Decision, any potential claim against the CDE is not ripe.

6       2. Plaintiff's IDEA claim fails as a matter of law because he has no express private right of action against the CDE relating to its general oversight responsibility for special

7  education.

8       Plaintiff alleges that the CDE's failure to provide explicit guidance to LEAs to provide ESY in

9  the LRE or otherwise intervene through its general monitoring of LEAs violated this student's right to a

10  FAPE under the IDEA. However, under the IDEA, eligible students with disabilities are served by

11  LEAs. The CDE, as a SEA, has only general supervisory responsibility over special education in

12  California. 20 U.S.C. § 1412(a)(11(A). Plaintiff does not allege that the CDE has at any time provided

13  direct services to the Plaintiff. As the Ninth Circuit held in *M.M. v. Lafayette Sch. Dist.*, Plaintiffs do

14  not have an express private right of action to sue the SEA under 20 U.S.C. § 1412(a), including on the

15  grounds of the SEA's general supervisory responsibility under 20 U.S.C. § 1412(a)(11)(A). *M.M. v.

16  Lafayette Sch. Dist.,* 767 F.3d 842, 860 (9th Cir. 2014.) Rather, the IDEA's express private right of

17  action is found in 20 U.S.C. § 1415(i)(2), which limits judicial review to appeals of administrative

18  hearing decisions. *Id.* That is, a parent who believes that the LEA has denied her student an individual

19  FAPE can request an administrative hearing against the LEA, pursuant to 20 U.S.C. § 1415(b)(6), have

20  a hearing pursuant to 20 U.S.C. § 1415(f), and, if aggrieved by the hearing decision, bring a civil action

21  against the LEA under 20 U.S.C. § 1415(i)(2). Because Plaintiff's IDEA claim against the CDE is

22  based on an alleged failure to properly exercise general supervisory responsibility, the claim is barred.

23       3. Plaintiff fails to plausibly allege that the CDE denied him a FAPE.

24       The law does not assign the CDE a role in the local decision as to whether the needs of a

25  particular student in a particular LEA warrants a particular placement. Nor does the IDEA require or

26  authorize the CDE to order how LEAs determine what constitutes a FAPE for an individual student.

27  The CDE was not and is not responsible for directly serving the Plaintiff. 20 U.S.C. § 1412(b). The

28  SAC does not allege, nor could it properly allege, that the CDE was involved in Plaintiff's education in

any way. The CDE was not involved in identification, evaluation (i.e., assessment), placement or the provision of FAPE for the Plaintiff – the four grounds upon which a parent may request an OAH hearing against an LEA. 20 U.S.C. § 1415(b)(6). The SAC fails to identify any legal obligation derived from the IDEA that the CDE failed to perform.

A regulation implementing the IDEA, 34 C.F.R. § 300.106(a), requires each public agency to ensure that ESY services are available as necessary to students with disabilities to provide FAPE. The IEP team must decide whether an individual student requires ESY services, and what those services should be. 34 C.F.R. § 300.106(a)(2); 20 U.S.C. § 1414(d); Cal. Educ. Code § 56345(b)(3). In California, ESY services are targeted at students with disabilities who are likely to regress, and have limited recoupment capacity. Cal. Code Regs. tit. 5, § 3043(a). Nothing in federal law states that ESY services must be identical to the services offered during the regular school year. Nothing in federal law requires an LEA to provide general education summer school for all students enrolled during the regular school year. Here, the LEA found Plaintiff eligible for ESY services and offered Plaintiff ESY services in a special education setting. The ALJ at OAH found that the LEA did not deny the Plaintiff a FAPE.

Plaintiff also asserts that Cal. Code Regs. tit. 5, § 3043(d), which establishes a 20-day minimum for ESY, contradicts federal law. Plaintiff cites 34 C.F.R. § 300.106(a)(2)(iii), which states that the LEA cannot unilaterally limit the type, amount, or duration of ESY services. Plaintiff's argument lacks merit. First, nothing in federal or state law requires that ESY be offered for more than 20 days, or for any particular length of time. Second, there is nothing that prevents an IEP team from determining that ESY services should be more than 20 days for a particular student on an individualized basis. Therefore, establishing a minimum requirement by state regulation not only does not prevent the LEA from offering a student more, as deemed appropriate, it prevents LEAs from offering an amount of time for ESY that is less. Third, the federal regulation requires that ESY must meet the state standards. 34 C.F.R. § 300.106(b)(2). As long as LAUSD, or any LEA, offers *at least* 20 days of ESY to qualifying students, it is in compliance with the federal regulation with respect to the length of ESY.

In summary, Plaintiff fails to plausibly allege that any action or inaction of the CDE prevented the LEA from offering and providing a FAPE, or otherwise denied Plaintiff a FAPE.

**B. The Fourth and Sixth Causes of Action fail to state a claim under the ADA and Section 504 against the CDE**

1. Failure to exhaust the administrative remedy

The Fourth and Sixth Causes of action fail to state a claim for the same reason of failure to exhaust administrative remedies set forth in Section A, supra. A Plaintiff who seeks to file a Section 504 or ADA claim that seeks relief available under the IDEA must first exhaust the administrative remedy at OAH. 20 U.S.C. § 1415(l).

Applying *Fry v. Napoleon Community Schools,* 137 S. Ct. 743 (2017), exhaustion is required for Plaintiff's ADA and Section 504 claims because the gravamen of the SAC seeks relief for a denial of FAPE. The Supreme Court in *Fry* identified two questions that assist in determining whether the gravamen of the complaint concerns the denial of FAPE. When the answer to those questions is no, the complaint probably does concern a FAPE, even if it does not explicitly say so. *Fry*, 137 S. Ct. at 756. The first question is: "could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility other than a school?" *Id*. The answer to this question is no. Despite the Plaintiff's presentation of the claim as an equal access issue, the claim could not have been brought if the alleged conduct occurred at a public facility that was not a school, because the alleged failure to provide ESY services in a general education classroom applies only in a school setting.

The Supreme Court's second question in *Fry* was: could an adult at the school (i.e. a non-student employee or visitor) have pursued the same claim? *Fry*, 137 S. Ct. at 756. Again, the answer is no, because the issue of whether ESY services were provided in the LRE is one that is exclusive to students.

In addition to suggesting consideration of the two questions, the Supreme Court in *Fry* stated that a plaintiff's prior pursuit of the IDEA's administrative process "will often provide strong evidence that the substance of the plaintiff's claim concerns the denial of a FAPE, even if the complaint never explicitly uses that term." *Fry*, 137 S. Ct. at 757. Here, Plaintiff pursued the matter at OAH, which supports the conclusion that the gravamen of the SAC seeks relief for a denial of FAPE.

Although Plaintiff pursued an OAH hearing against the LEA, is aggrieved by the OAH Decision within the meaning of 20 U.S.C. § 1415(i)(2), and challenges the OAH Decision, he has failed to

exhaust administrative remedies to bring a claim for injunctive relief against the state educational agency with general oversight responsibility over special education (i.e. CDE) because he has failed to obtain the predicate ruling at OAH that he was denied FAPE by the LEA. Before Plaintiff can pursue any claims against the CDE rooted in the CDE's allegedly inadequate oversight, Plaintiff must prevail at OAH, i.e., he must show that the LEA denied him FAPE. See, e.g., *Paul G. v. Monterey Peninsula Unified Sch. Dist.*, 933 F.3d 1096, 1101-1102 (9th Cir. 2019), *cert. denied*, 140 S.Ct. 2672 (2020). In *Paul G.*, Plaintiff brought federal disability discrimination claims against the CDE premised on allegedly inadequate oversight of residential placements under the IDEA, and specifically an alleged lack of in-state residential placements. However, the Ninth Circuit affirmed the district court's ruling that Plaintiff could not bring such claims against the CDE without having shown at OAH that he was denied a FAPE by the out-of-state residential placement he received from the LEA.

    2. Failure to plausibly allege the elements of a 504 or ADA claim against the CDE

Section 504 of the Rehabilitation Act of 1973 forbids public schools from denying benefits or otherwise discriminating against qualified students solely based on a disability. 29 U.S.C. §§ 794(a), (b)(2)(b); *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). To prove a Section 504 claim, a plaintiff must show: (1) he is an 'individual with a disability'; (2) he is 'otherwise qualified' to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance. See 29 U.S.C. § 794 (emphasis added); *Bonner v. Lewis*, 857 F.2d 559, 562–63 (9th Cir.1988); *Weinreich v. Los Angeles County Metropolitan Transp. Authority*, 114 F.3d 976, 978 (9th Cir. 1997). The focus of the Section 504 inquiry is on whether disabled students were provided "meaningful access" to services. *Mark H. v. Lemahieu*, 513 F.3d 922, 937 (9th Cir. 2008). The "mens rea" for a Section 504 damages remedy is "intentional discrimination," which requires discriminatory animus or deliberate indifference. *Mark H.,* 513 F.3d at 938. Deliberate indifference is knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood. *Id.*

Similarly, Title II of the ADA prohibits denial of public services by reason of a disability. 42 U.S.C. § 12132; *Weinreich,* 114 F.3d at 978. "To prove a public program or service violates Title II of the ADA, a plaintiff must show: (1) he is a 'qualified individual with a disability'; (2) he was either

1 excluded from participation in or denied the benefits of a public entity's services, programs or
2 activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of
3 benefits, or discrimination was by reason of his disability. See 42 U.S.C. § 12132 (emphasis added);
4 *Does 1–5 v. Chandler*, 83 F.3d 1150, 1154–1155 (9th Cir.1996).[2]

5    Plaintiff fails to plausibly allege that he was discriminated against based on disability when the
6 LEA did not offer him ESY services in a general education setting.  Plaintiff does not allege that the
7 LEA offered a general education summer school program to its general education students.  Plaintiff
8 was not denied access to general education summer school that was equal to the access afforded to
9 nondisabled students because general education summer school was not offered to either nondisabled or
10 disabled students. Similarly, Plaintiff does not allege that nondisabled students received more than 20
11 days of instruction during the summer.  In fact, Plaintiff received a benefit from LAUSD (ESY
12 services) that was not available to LAUSD's nondisabled students.  Moreover, the CDE was not the
13 public agency that was responsible for providing, and provided, ESY services to Plaintiff; LAUSD was.
14 Plaintiff fails to plausibly allege that any action or inaction of the CDE with respect to Plaintiff's ESY
15 services discriminated against Plaintiff based on disability.
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

---

[2] Because there is no significant difference in the analysis of rights and obligations created under Section 504 and Title II of the ADA, they are typically analyzed together.  *Vinson v. Thomas*, 288 F.3d 1145, 1152 n. 7 (9th Cir. 2002).

## V. CONCLUSION

For all of the foregoing reasons, and because no amendment can save it, the CDE respectfully requests that the SAC against the CDE be dismissed, in its entirety, without leave to amend.

Dated: April 6, 2021

Respectfully submitted,

KEITH YAMANAKA
General Counsel
AMY BISSON HOLLOWAY
Assistant General Counsel

By: _____
SARAH KALAS BANCROFT
Deputy General Counsel
Attorneys for California Department of Education

---

Case No. 2:20-CV-09127-CBM-E        12        Memo of Points & Authorities ISO Motion to Dismiss