David W. German, SBN 252394
dgerman@vanamangerman.com
VANAMAN GERMAN LLP
14001 Ventura Boulevard
Sherman Oaks, CA 91423
Tel: (818) 990-7722
Fax: (818) 501-1306

Melinda Bird, SBN 102236
melinda.bird@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
350 South Bixel Street, Suite 290
Los Angeles, CA  90017
Tel:   (213) 213-8000
Fax:   (213) 213-8001
*Attorneys for Plaintiff M.C.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.C. et al.,<br><br>　　　　Plaintiff.<br><br>　　v.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT, et al.,<br><br>　　　　Defendants. | Case No.: 2:20-CV-09127-CBM-E<br><br>**MOTION FOR APPROVAL OF MINOR'S COMPROMISE**<br><br>Judge: Hon. Consuelo B. Marshall<br>Courtroom: 8D, 8th Floor<br>Date Action Filed: October 5, 2020<br>Trial Date: None Set |

Plaintiff M.C. hereby requests the approval of a minor's compromise which fully resolves all issues related to attorneys' fees between Plaintiff and Defendants Los Angeles Unified School District (LAUSD) and California Department of Education (CDE).

/ / /

/ / /

/ / /

## Procedural History

The instant case arose from a July 6, 2020 decision issued by the California Office of Administrative Hearings (OAH) in case OAH case no. 2019080679. An initial complaint in this matter was filed on October 5, 2020, naming Los Angeles Unified School District ("LAUSD") as the Defendant and seeking to challenge the OAH decision on claims arising under the Individuals with Disabilities Education Improvement Act ("IDEA"). 20 U.S.C. §§ 1415 et seq. On January 27, 2021, a First Amended Complaint was filed, adding the California Department of Education ("CDE") and related parties as defendants, and alleging violations of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act against all Defendants. Dkt. 17.

A Second Amended Complaint was filed on March 17, 2021, after which CDE filed a Motion to Dismiss claims against it. Dkt. 35, 39. That motion was denied by the Court on September 9, 2021. Dkt. 48.

Plaintiff and LAUSD subsequently filed Cross-motions for Summary Judgment with respect to the appeal of the IDEA decision in OAH case no. 2019080679. Dkt. 91, 92. CDE, which was not named in the First Cause of Action or a party to that OAH case was permitted to file a brief on behalf of LAUSD. Dkt. 90. After oral argument, the Court granted Plaintiff's Motion for Summary Judgment, reversing the administrative hearing decision on all issues on August 9, 2023. Dkt. 102. Specifically, that Order held:

1. That Defendant LAUSD violated 20 U.S.C. section 1412(a)(5) by failing to offer M.C. and extended school year program in the least restrictive environment in summer 2019. *Id.*, at 18.

2. The IDEA's Least Restrictive Environment requirement applies to extended school year programs in the same way that it does to programs during the school year. *Id.*, at 14-15.

3. The statute, 5 C.C.R. § 3043(g), upon which the decision on appeal relied, violated the IDEA. *Id.*, at 14

On June 4, 2024, Plaintiff filed his Motion for Summary Judgment against LAUSD on Plaintiff's third and fifth causes of action alleging disability discrimination under the ADA and Section 504 of the Rehabilitation Act in which Plaintiff sought declaratory and injunctive relief. On July 2, 2024, LAUSD filed a Joint Opposition and Motion for Summary Judgment on those same claims.

On July 24, 2024, this Court approved a stipulated Final Order which:

1. Resolved all substantive claims then pending against Defendant LAUSD and dismissing them with prejudice.
2. Resolved all claims against Defendant California Department of Education contingent on the approval of a Motion for Minor's Compromise.
3. Providing an equitable remedy for Plaintiff M.C.'s claims under the IDEA in the form of $20,000 in compensatory educational services to be funded by Defendant LAUSD.

### Request for Approval of Minor's Compromise

Plaintiff requests that the Court approve the following terms to finalize settlement of the instant matter:

1. Consistent with the Court's July 24, 2024 Order, M.C. to receive $20,000 in compensatory educational services funded by Defendant LAUSD.
2. Defendant LAUSD to pay Plaintiff's counsel $490,000.00 in attorney's fees.
3. Defendant CDE to pay Plaintiff's counsel $117,500.00 in attorney's fees.

### The Proposed Terms are Reasonable in Light of the Complexity of the Issues Litigated and the Results Obtained

As set forth in her declaration in support of this motion, M.C.'s mother S.B.

fully supports the proposed resolution as her goals for initiating the litigation have been fully obtained. S.B. initiated the action seeking to obtain a court order overriding LAUSD's policies regarding the provision of extended school year services and allowing M.C. to receive an appropriate educational program in the least restrictive environment within which he can make appropriate progress. Those goals have been realized. Moreover, in pursuing them, S.B.'s efforts have resulted in the repeal of a discriminatory state statute, the reform of defendant LAUSD's policies for all students with disabilities with respect to their right to be educated within the least restrictive environment during extended school year programming, and this Court's Order holding that the IDEA's Least Restrictive Environment requirement applies to extended school year programs in the same way that it does to programs during the school year.

In addition to realizing the primary goal of obtaining access to an appropriate educational program, M.C. has also been provided with a substantial equitable remedy for LAUSD's failure to provide an appropriate educational program during extended school year 2019.

The attorney's fees for which this motion seeks approval have been separately negotiated between Defendants and Plaintiffs counsel. Their reasonableness in light of the work performed and the results obtained are supported by Defendants' willingness to pay them. As set forth in the declarations and documentation related to Plaintiff's motion for fees from Defendant LAUSD (ECR No. 140), ample support exists for much higher total fee amounts than those requested here. Should the need arise, similarly detailed documentation could be provided to the Court in support of the requested fees from Defendant CDE.

Ultimately, the grounds for approval of the attorney's fees requested here consist of the remarkable extent of the results obtained and the quality of the work performed to obtain them. Plaintiff respectfully requests that the Court grant the instant motion in full.

Respectfully submitted,

VANAMAN GERMAN LLP

Dated: February 17, 2025

/s/ David German
David German
*Attorneys for Plaintiff M.C.*